IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CORNWELL QUALITY TOOLS CO.,

    Plaintiff,

v.                                                                  Case No:         1:12-cv-00170-JCH-ACT

AARON M. CARRILLO and
KIM CARRILLO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On August 10, 2015, Plaintiff Cornwell Quality Tools Co. ("Cornwell" or "Plaintiff") filed a Motion for Award of Attorney's Fees and Costs (ECF No. 48). Defendants, proceeding pro se, did not file a response and the time for filing a response has passed. The Court, having considered the procedural history of this case, the evidence, the relevant law, and otherwise being fully informed, concludes that the motion is well-taken and will be granted.

**I.     FACTUAL BACKGROUND**

Plaintiff brought suit against Defendants for, among other things, trademark infringement, false designation, and unfair competition under the Lanham Act, in violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a), and unfair competition under the New Mexico Unfair Practices Act, N.M. Stat. Ann. § 57-12-1 *et seq.*  *See* Compl. 7-11, ECF No. 1.  Plaintiff sought, among other things, a permanent injunction restraining and enjoining Defendants and their agents and others acting in concert or participation from infringing their marks and displaying their marks on decals.  *See id.* at 13-15.

The parties appeared for hearing before the Court on May 22, 2012, and reached agreement on a permanent injunction to be entered on consent.  *See* Consent Judgment 1, ECF

No. 23.  The Court entered a Consent Judgment for Permanent Injunction against Defendants on May 22, 2012 ("the Consent Judgment").  *Id.*  By its terms, the Consent Judgment applied to Defendants and to "Defendants' agents, servants, employees and attorneys and all other persons who are in active concert or participation with Defendants or any of the other described persons affiliated with Defendants."  *Id.* at 2.

The Consent Judgment required Defendants to "[c]ease and desist from displaying Plaintiff's Marks . . . and completely obliterate all of the Marks in the form of decals or other modes of display from Defendants' vehicles."  Judgment, paragraph a.  The Consent Judgment also required Defendants to "[s]urrender, for destruction and/or removal of Marks, all … vehicles and any other business equipment materials or marketing materials which display Plaintiff's marks."  *Id.*, paragraph c.  Defendants voluntarily entered into the Consent Judgment and agreed to a permanent injunction.

The events that followed are set forth in this Court's prior Order to Show Cause (ECF No. 36), and the Court hereby incorporates those facts. Suffice it to say, Defendants repeatedly refused to take steps to show that they had adhered to the Court's Consent Judgment, resulting in Plaintiff filing three motions to enforce the judgment, and the Court filing two separate orders of enforcement as well as an order to show cause. On June 23, 2015, the Court held a hearing to allow Defendants an opportunity to respond and to show cause why they should not be held in civil or criminal contempt of Court for their repeated failures to adhere to this Court's orders. *See* Order 1, ECF No. 47. Ms. Kim Carrillo appeared pro se. *See* Order, ECF No. 44. Mr. Aaron Carrillo came to the courthouse but experienced a medical event that prevented his appearance at the hearing. *Id.* At the hearing, Ms. Carrillo indicated that the Defendants continue to own the truck in question and that it was in storage here in Albuquerque. *Id.* The Court ordered the

parties to meet and confer. *Id.* Plaintiff subsequently filed a Supplemental Status Report stating that Cornwell had finally been satisfied that the truck in issue no longer bears the Cornwell Marks. *See* Order 1, ECF No. 47. The Court then entered an Order denying the Third Motion to Enforce as moot, stating it would not issue civil or criminal contempt sanctions against Defendants as previously contemplated, but notifying the parties that "[s]hould Plaintiff file a motion for attorneys' fees and costs, the Court will consider the issue at that time." *Id.* at 2.

## II. LEGAL ANALYSIS

The New Mexico Unfair Practices Act states that a court "shall award attorney fees and costs to the party complaining of an unfair or deceptive trade practice or unconscionable trade practice if the party prevails." N.M. Stat. Ann. 57-12-10(C). Plaintiff is the prevailing party in this lawsuit. *Cf. Sinajini v. Board of Educ. of San Juan Sch. Dist.*, 233 F.3d 1236, 1239-40 (10th Cir. 2000) (in context of determining "prevailing party" under 42 U.S.C. § 1988(b), explaining that it was well established that a party may prevail through a settlement embodied in a consent decree); *American Ins. Co. v. El Paso Pipe and Supply Co.*, 978 F.2d 1185, 1192 (10th Cir. 1992) (explaining that "prevailing party" under New Mexico law is the party that wins the lawsuit, based upon success upon the merits). In this case, Plaintiff succeeded on the significant, primary issue in litigation, achieving the benefit it sought in bringing suit. Plaintiff is therefore a prevailing party entitled to attorney's fees and costs under Section 57-12-10(C) of the New Mexico Unfair Practices Act ("NMUPA").

Plaintiff is therefore entitled to reasonable attorneys' fees and costs. *Jones v. General Motors Corp.*, 1998-NMCA-020, ¶ 24, 953 P.2d 1104. The "lodestar" approach to determining fees may be used by courts to provide a reasonable fee award. *See Atherton v. Gopin*, 2012-NMCA-023, ¶ 7, 272 P.3d 700. "In this method, the court determines a fee that approximates a

reasonable hourly rate multiplied by the number of hours reasonably incurred in the representation." The Court finds, based on Mr. Charles Armgardt's extensive legal experience, that his hourly rate of $315 per hour is a reasonable rate in this market. The Court has also reviewed his Affidavit and finds that the 43.80 hours expended and the $782.54 in costs in this litigation were reasonably incurred. The Court will therefore award Plaintiff the full amount requested of $14,579.54 in attorney's fees and costs as the prevailing party.

It is unfortunate that the legal fees incurred reached this amount. The Court recognizes that the Defendants are proceeding pro se. Nevertheless, Defendants could have saved themselves, Plaintiff, and the Court considerable time and resources had they simply responded to Plaintiff's first attempt to ensure that Defendants had complied with the Consent Judgment. Instead, the legal fees of Plaintiff increased as Defendants deliberately obfuscated. Given the NMUPA's mandatory requirement to award attorney's fees to the prevailing party and the reasonableness of the fees requested, the Court will grant Plaintiff's motion for attorney's fees and costs.

**IT IS THEREFORE ORDERED** that Plaintiff Cornwell Quality Tools Co.'s Motion for Award of Attorney's Fees and Costs (**ECF No. 48**) is **GRANTED** and that Plaintiff Cornwell Quality Tools Co. is entitled to attorney's fees and costs in the amount of **$14,579.54** against Defendants Aaron Carrillo and Kim Carrillo.

_____
**UNITED STATES DISTRICT JUDGE**